*1417 OPINION.
Siefkin :
The first issue in this proceeding relates to the deduction from gross income of certain losses alleged to have been sustained during the years 1920 and 1921 on account of the sale of securities purchased by the petitioner and transferred to its officers and directors or, in one case, to an employee. The respondent contends that-the transfer of all the securities were not tona fide sales and relies upon the decision of the Board in M. I. Stewart & Co., 2 B. T. A. 737, in which we held that the transfer of securities to two stockholders who were also officers of the corporation, at a price below par and cost, was not bona fide. We believe, however, that the transactions in question here can not be so characterized. The evidence shows that investments were made by petitioner in an effort to promote civic enterprises and better business for the City of Grand Rapids, the furniture manufacturers of that city and specifically itself, and that the various sales to the officers and stockholders were at prices which at least equaled, if they did not largely exceed, the fair market value of the securities sold. Respondent’s counsel calls attention to the fact that petitioner, after having sold one lot of warehouse company stock at a loss, invested further amounts in stock at par in the next year. This is understandable, however, both from the nature of the business which the warehouse company was intended to do, and from the fact that additional cap *1418 ital was necessary in order to permit the warehouse company to function at all. In our opinion, the losses deducted by the petitioner, consisting of $7,500 in 1920 and $3,000 in 1921 on account of the Furniture Manufacturer’s Warehouse Co. stock, $2,040 in the year 1920 on account of the Pantlind Hotel Co. stock, $500 in 1921 on account of the Regent Theatre Co. bond, and $4,950 in 1921 on account of the Eamona Amusement Co. stock, were proper deductions from gross income for the years in question and should be allowed.
The second issue relates to certain expenditures made by the petitioner corporation during the years 1920 and 1921 aggregating $5,411.17 and $1,836.73, respectively. The respondent has confessed error with respect to the amount of $833.05 spent for painting and decorating the showroom in 1920. Respondent also concedes the expenditure of $445 in 1921 for a canvas for protecting the showroom carpet was a proper deduction from gross income. With respect to the remaining items the evidence, in our opinion, establishes the amounts were capital expenditures and should be treated as such, and that the respondent’s action in disallowing the deductions claimed was proper.
The third and fourth issues relate to proper treatment of the sum of $3,500 paid to an accounting firm in 1920 for services in auditing the books of the petitioner for the year 1919. The evidence is that arrangements for the audit were made in the year 1919, the audit was started in 1920, the bill was rendered in 1920 and that payment was made in that year. The evidence is not clear as to exactly what was done in the year 1919 with respect to employing the accountants and there is some testimony that there was no obligation on the petitioner with respect to the 1919 audit during the year 1919 and that no liability accrued to the petitioner. This testimony is uncertain and we are unable to determine whether, in fact, any liability existed prior to 1920 and on that point we must affirm the respondent’s determination. For the same reason we must also hold that his action in reducing invested capital as of the beginning of the year 1920 on account of the $3,500 fee for the 1919 audit was proper.
The fifth issue relates to the statute of limitations and must be determined adversely to the petitioner not only upon the grounds stated in Art Metal Works, 9 B. T. A. 491, but also because of the provisions of section 283 (a) and (b) of the Revenue Act of 1926 by which the running of the statute of limitations as to assessment, and necessarily collection, of the proposed deficiencies for the years 1920 and 1921 is suspended while this appeal is pending before the Board.
Judgment will he entered on 15 days’ notice, under Rule 50.